NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | | |
|---|---|---|
| LOUIS W., | ) | |
| | ) | Supreme Court No. S-17010 |
| Appellant, | ) | |
| | ) | Superior Court No. 3PA-17-01152 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MARIA G., | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1696 – September 26, 2018 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Palmer, Vanessa White, Judge.

Appearances: Louis W., pro se, Wasilla, Appellant. Notice of Nonparticipation filed by Appellee.

Before: Winfree, Stowers, Maassen, and Carney, Justices. [Bolger, Chief Justice, not participating.]

1. Louis W. and Maria G. met in 2011 and soon after moved in together; they never married. The following year Maria gave birth to their son. In January 2017 Maria moved with their son to Oregon without informing Louis. Louis later filed a child custody action in Alaska. Following a two-day interim custody hearing and a later one-day trial, the superior court granted Maria sole legal and primary physical custody of their son. Louis appeals.

---

\*      Entered under Alaska Appellate Rule 214.

2.     Although the interim custody hearing notice stated Superior Court Judge pro tem David Zwink would preside, Superior Court Judge Vanessa White presided. The court found by a preponderance of the evidence that Louis had a history of perpetrating domestic violence, based on: (1) an Oregon court's findings, after both parties had testified at a hearing, that Louis committed multiple acts of domestic violence; (2) Louis's "pattern of coercive and controlling behavior"; and (3) Louis's physically violent actions against Maria when he grabbed her by the hair and held her chin, and when he burned her arm by pushing her against a woodstove. Based on findings about the parties' credibility, the court found Maria was not a perpetrator of domestic violence. The court deemed Louis's version of events not credible because he provided evasive answers and admitted to a charge of a crime of dishonesty in Virginia; in contrast, witness testimony corroborated Maria's version of events. The court entered an interim custody order granting Maria sole legal and primary physical custody of the son and granting Louis supervised visitation.

3.     At the later custody trial, Louis testified to his dislike of supervised visitation; he said that he understood the court had ordered domestic violence classes necessary to get unsupervised visitation, but he refused to take them because he would not admit to something he had not done. The court stated that because it heard "no evidence to suggest [its earlier domestic violence finding] was in error," it was statutorily mandated to award Maria sole legal and primary physical custody and Louis supervised visitation until he completed a domestic violence course. The court explained that once Louis completed such a course, he could file a motion to modify custody. The court later issued written findings reflecting its oral findings.

4.     Louis challenges the superior court's finding that he, and not Maria, has a history of committing domestic violence — stating, "the judge claims that I have a

history of domestic violence which is not true" — and supporting the challenge with the following bare factual assertions:

> I had brought pictures in court with text messages and letters proving abuse to children and myself [J]udge [W]hite never said a word about that . . . .
>
> . . . .
>
> . . . [M]ari[a] claims I pushed her I tried to explain to the judge under newtons right angle law it was impossiable [sic] for [one] there was a bed there and table no way to get behind her.

Under AS 25.24.150(g), "[t]here is a rebuttable presumption that a parent who has a history of perpetrating domestic violence against the other parent, a child, or a domestic living partner may not be awarded sole legal custody, sole physical custody, joint legal custody, or joint physical custody of a child." "A parent has a history of perpetrating domestic violence under (g) of this section if the court finds that, during one incident of domestic violence, the parent caused serious physical injury or the court finds that the parent has engaged in more than one incident of domestic violence."[1]

The superior court's finding that Louis has a history of perpetrating domestic violence was based on the Oregon court's finding of multiple acts of domestic violence, Louis's "pattern of controlling and coercive behavior," and two specific instances of physical violence that Louis perpetrated against Maria. The court found that Maria was not a perpetrator of domestic violence, despite Louis's allegations, because

---

[1] AS 25.24.150(h). "Whether the court's findings on domestic violence are supported by the record is a question of fact . . . review[ed] for clear error." *See Faye H. v. James B.*, 348 P.3d 876, 878 (Alaska 2015) (quoting *Yelena R. v. George R.*, 326 P.3d 989, 998 (Alaska 2014)).

it did not find Louis credible.[2]   Other than stating his disagreement, Louis has made no effort to show *why* these findings are clearly erroneous.  Because the court was weighing conflicting evidence and testimony of domestic abuse, we cannot say it was a mistake for the court to have found that Louis — not Maria — was a perpetrator of domestic violence.[3]   We therefore reject Louis's challenge to the court's application of the domestic violence presumption.

5.      The case was originally assigned to a different superior court judge until Louis filed a peremptory challenge.  The case was then reassigned to Judge White.  Louis nonetheless claims in his brief that he "was suppose to have another [j]udge at [t]rial." This may refer to the interim custody hearing scheduling order stating that Judge Zwink would preside.  Judge White explained at the start of that hearing that, because her schedule was too full, Judge Zwink had been set to preside, but Judge White had an opening in her calendar and was able to preside.  Louis failed to object at the hearing or at any other time before the superior court.  Given the lack of factual and legal support for Louis's claim of putative error and his failure to identify any prejudice, his suggestion of error is meritless.

6.      Louis claims that Judge White "discriminated" against him and that he does not want her to be his judge.  This appears to be a claim of judicial bias.  Louis's judicial bias argument lacks merit because he fails to show that Judge White "formed an opinion

---

[2]      *See Kristina B. v. Edward B.*, 329 P.3d 202, 207 (Alaska 2014) ("We afford particular deference to factual findings based primarily on oral testimony, because the trial court is better suited to judge the credibility of witnesses and weigh conflicting evidence.").

[3]      *See id.* ("Factual findings are clearly erroneous when, based on the entire record, we are left 'with a definite and firm conviction . . . that a mistake has been made, even though there may be evidence to support the finding.' " (alteration in original) (quoting *Ebertz v. Ebertz*, 113 P.3d 643, 646 (Alaska 2005))).

of [him] from extrajudicial sources, resulting in an opinion other than on the merits";[4] instead, he presumably and improperly relies solely on the court's adverse ruling as evidence of bias.[5] Without further information explaining the legal and factual bases of his argument, Louis's argument is indiscernible and thus waived.[6]

7.     The remaining discernible challenges Louis raised regarding trial procedures have no merit and need no further response.

8.     The superior court's decision is AFFIRMED.

---

[4]     *Pederson v. Arctic Slope Reg'l Corp.*, 421 P.3d 58, 73 (Alaska 2018) (alteration in original) (quoting *Williams v. Williams*, 252 P.3d 998, 1010 (Alaska 2011)).

[5]     *See id.* (noting party "cannot rely solely on the court's adverse rulings as evidence of bias" and "must point to specific words or actions showing the court was partial").

[6]     *See Wright v. Anding*, 390 P.3d 1162, 1175 (Alaska 2017) ("[T]o avoid waiver, a pro se litigant's briefing must allow his or her opponent and this court to discern the pro se's legal argument." (quoting *Casciola v. F.S. Air Serv., Inc.*, 120 P.3d 1059, 1063 (Alaska 2005))).